# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

NASIR ALIM BEY, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:17-CV-651–HEH
)
BEARING CONTRACTING, LLC, )
*et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction with Roseboro, filed November 10, 2017. (ECF No. 7.) The Defendants included an appropriate Roseboro Notice as required by Local Civil Rule 7(K) and the Fourth Circuit's decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

All parties have filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons that follow, the Court determines that it lacks subject-matter jurisdiction and therefore must dismiss Plaintiff's Complaint in its entirety.

## I.    BACKGROUND

Plaintiff Nasir Alim Bey ("Plaintiff") was hired as a bricklayer by Defendant Bearing Contracting, LLC ("Bearing") on February 21, 2017. (Compl. 2, ECF No. 4.)

Defendant Thomas Cornell Berry III ("Berry") is the Vice President of Bearing, and Defendant Jason Guard ("Guard") is a foreman for Bearing. (*Id.*) In the paperwork required for his employment, Plaintiff identified himself as a member of the Moorish Nation, and on February 28, 2017, Plaintiff was informed by Defendant Guard that he needed to provide additional documentation as the Moorish Nation is not recognized by the United States. (*Id.*) On March 1, 2017, Plaintiff met with Defendant Berry to discuss his deficient documentation and produced an "Allodial American National Identification" card and an "Unalienable Right to Travel" card. (*Id.* at 2, Ex. E.) On March 2, 2017, Defendant Berry informed Plaintiff that this documentation was insufficient and that Bearing required additional documentation, namely a Social Security Number. (*Id.* at 2.) On the same day, Defendant Berry provided Plaintiff with a check for the value of the hours Plaintiff had worked. (*Id.* at 5.) The check was a "Vendor" check, not a "Paycheck," and bore the notation that it was for the sale of a saw blade. (*Id.* at 3, 5, 6, Ex. J.)

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.* "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Accordingly, the Court may "or, more precisely,

must" raise issues of subject-matter jurisdiction sua sponte if it appears at any time during the proceedings that the court's exercise of jurisdiction would be improper. Fed. R. Civ. P. 12(h)(3); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area Sh. Dist.*, 475 U.S. 534, 541 (1986). Plaintiffs have the burden of proving subject-matter jurisdiction. *Piney Run Pres. Ass'n v. County Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008). A court determining whether jurisdiction exists "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In addition, the Court acknowledges the liberal construction afforded to pro se complaints. *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir.2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [pro se ] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

The principal means through which a federal district court obtains subject-matter jurisdiction are 28 U.S.C. § 1331 and 28 U.S.C. § 1332, federal-question and diversity jurisdiction, respectively.

Under federal-question jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule requires that federal-question jurisdiction be evident from the face of a plaintiff's properly pleaded complaint. *See id.* Dismissal for want of jurisdiction is only appropriate where the allegations supporting jurisdiction are "wholly unsubstantial or frivolous." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Under diversity jurisdiction, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2012) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III. DISCUSSION

At the outset, the Court notes that it is difficult to discern from Plaintiff's Complaint precisely what cause of action he is asserting. It appears that Plaintiff's claims stem from the mislabeling of his check as a vendor check versus a paycheck and Defendants requiring him to provide additional documentation as a condition of

employment. The Complaint also does not identify whether jurisdiction is predicated on diversity of the parties or a federal question. Under either jurisdictional theory, the allegations in the Complaint are insufficient.

No basis for Federal-question jurisdiction is revealed by the facts alleged in the Complaint. Plaintiff inscrutably lists various sources of law but fails to provide any indication as to how these provisions apply in this case. These sources of law include: an administrative regulation, federal statutes, the United States Constitution, the Virginia Constitution, and various Articles from the United Nations. Asserting a private cause of action from the federal criminal statutes cited or the accompanying administrative regulations governing the disclosure of social security numbers by federal agencies, is patently nonsensical. Moreover, the Complaint fails to indicate how the Virginia Constitution, 42 U.S.C. § 1983, the federal Constitution, the United Nations Declaration of Human Rights, or the United Nations Rights of Indigenous People, present a federal question in this suit against wholly private Defendants. Plaintiff therefore has failed to establish jurisdiction under a federal-question theory.

The Complaint similarly contains insufficient factual allegations to support diversity jurisdiction under 18 U.S.C. § 1332, as it does not identify the citizenship of the parties involved. Moreover, attachments to Plaintiff's Complaint indicate that Plaintiff and multiple of the Defendants are all residents of Virginia. Plaintiff therefore has failed to establish jurisdiction under a diversity theory.[1]

---

[1] Several courts have found claims predicated on a claimants status as a Moorish American to be frivolous. *See, e.g., Metaphyzic El-Ectromagnetic Supreme-El v. Director, Dept. of Corr.*, No. 3:14-cv-52, 2015 WL 1138246, at *3

## IV. CONCLUSION

For the reasons identified above, Plaintiff has failed to produce sufficient facts to confer subject-matter jurisdiction. Accordingly, his Complaint (ECF No. 4) will be dismissed without prejudice. He is free to amplify the factual and legal basis upon which his claim rests and refile his claims.

Should Plaintiff wish to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right of appeal.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 3 2018
Richmond, Virginia

---

(E.D. Va. Mar. 3, 2015); *Purser v. Long-Nickens*, No. 3:12-cv-704-FDW-DSC, 2012 WL 6566693, at *2 (W.D.N.C. Nov. 30, 2012). This Court agrees.